INKU NAM (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101
Telephone: 725.281.2806

*Attorneys for Defendant*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LE ANDRIA LASHAWN HOLLIDAY<br><br>  Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>  Defendant. | Case No. 2:25-cv-00235<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Plaintiff, Le Andria LaShawn Holliday, ("Plaintiff"), and Defendant Experian Information Services, LLC ("Experian") by and through their counsel of record; and hereby submit their Joint Proposed Discovery Plan and Scheduling Order pursuant to Federal Rules of Civil Procedure 16 and 26, as well as LR-26-1.  It is hereby requested that the Court enter the following discovery plan and scheduling order.  Pursuant to Fed.R.Civ.P. 26(gf) and LR 26-1(a) a meeting was held on May 7, 2025.

I. **Whether the Parties have exchanged initial disclosure statements under Rule 26(a)**

The Parties have not exchanged initial disclosures. The parties have agreed to exchange initial disclosures within fourteen (14) days after the Fed.R.Civ.P. 26(f) conference: **May 21, 2025**

II. **Discovery Cut-Off Date.**

Discovery will take 180 days, measured from the appearance of Experian, which was on March 18, 2025. The discovery cut-off, therefore, will be **September 15, 2025**.

III. **Amending the Pleadings and Adding Parties.**

Pursuant to LR 26-1(b)(2), the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery, therefore, the deadline will be **June 17, 2025**.

IV. **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts).**

Pursuant to LR 26-1(b)(3), unless the discovery plan otherwise provides and the court so orders, the deadlines in Fed.R.Civ.P. 26(a)(2)(D) for expert disclosures are modified to require that the disclosures be made 60 days before the discovery cut-off date and that rebuttal expert disclosures be made 30 days after the initial disclosure of experts. Therefore, expert disclosure deadline will be **July 17, 2025**, and the rebuttal expert

2

disclosures deadline will be **August 18, 2025**.

V. **Dispositive Motions**.

Pursuant to LR 26-1(b)(4), unless the discovery plan otherwise provides and the court so orders, the deadline for filing dispositive motions is 30 days after the discovery cut-off date. Therefore, the deadline for filing dispositive motions is **October 15, 2025**.

VI. **Pretrial Order**.

Pursuant to LR 26-1(b)(5), unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is 30 days after the dispositive motion deadline. If no dispositive motion is filed, the deadline for the joint pretrial order is **November 14, 2025**. In accordance with LR 26-1(b)(6), the disclosures required by Fed.R.Civ.P. 26(a)(3) and any objections to them must be included in the joint pretrial order. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after a decision on the dispositive motions or further court order.

VII. **Discovery and Scheduling Dates**:

The proposed discovery plan is made pursuant to LR 26-1(b)

Discovery Cut-Off: **September 15, 2025**

Deadline to Amend Pleadings and Add Parties: **June 17, 2025**

Deadline to Disclose Initial Expert Disclosures: **July 17, 2025**

Deadline to Disclose Rebuttal Expert Disclosures: **August 18, 2025**.

Deadline to File Dispositive Motions: **October 15, 2025**

Deadline to File Joint Pretrial Order: **November 14, 2025**.

The parties agree that there may be need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed.R.Civ.P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party seeking such an order shall file an appropriate motions and supporting memorandum.

The parties will work in good faith to submit a stipulated protective order to the Court to protect certain confidential and/or trade secret information.  The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.  The parties agree that

following service of any interrogatory response or document production from which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or request for production, the need to limit the scope of the same, and any need for privilege logs.

VIII. **Alternative Dispute Resolution and Alternate Forms of Case Dispositions.**

The parties certify that they met and conferred about the possibility of using alternate dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluations, but have not come to any agreement at this time.

The parties further certify that they considered consent to trial by a magistrate judge under 28 U.S.C. 636 and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01).

The parties do not consent to trial by a Magistrate Judge.

The parties do not consent to the use of the Short Trial Program.

IX. **Electronically Stored Information and Electronic Evidence.**

The parties have discussed the retention and production of electric data. The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties agree that

pursuant to Rule 5(b)(2)(E ) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email address listed below (or any updated email address provided to all counsel of record).

| Party | Email Address(es) |
|---|---|
| Plaintiff | Leandria.Holliday@icloud.com |
| Defendant Experian | INam@ohaganmeyer.com |

The parties agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  If an error or delayed delivery message is received by the sending party, that party shall promptly(within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

The parties retain the right to serve by mail and receive three additional days for mailing provided for in Fed.R.Civ.P. 6(d). The parties reserve the right to revisit this issue if a dispute or need arises.  To the extent discovery requests are served on a Saturday, Sunday or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday or legal holiday.

X. **Extension of Discovery Deadlines**.

LR 2603 governs modifications and extensions to this discovery plan and scheduling order.

RESPECTFULLY SUBMITTED this 15th day of May 2025.

By: */s/ Le Andria LaShawn Holliday*
Le Andria LaShawn Holliday
PO Box 778146
Henderson, NV 89077
Phone: (702) 738-8932
Email: Leandria.Holliday@icloud.com
*Plaintiff Pro Se*

By: */s/ Inku Nam*
INKU NAM Nevada Bar No. 12050
O'HAGAN MEYER PLLC
Nevada Bar No. 12050
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101
Tel. 725.281.2806

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 5/16/2025

7