**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LeAndria Lashawn Holliday,

               Plaintiff(s),

vs.

Experian Information Solutions,

               Defendant(s).

Case No. 2:25-cv-00235-JAD-MDC

**ORDER**

Pro se plaintiff LeAndria Lashawn Holliday filed a *Motion for Order to Show Cause* (ECF No. 28), *Motion for a Hearing* (ECF No. 31), *Motion to Strike* (ECF No. 39), and a *Motion to Compel* (ECF No. 51). The defendants filed a *Motion to Compel* (ECF No. 42) and a *Motion to Extend Time* (ECF No. 43). The Court **DENIES** all the motions (ECF Nos. 28, 31, 39, 42, and 51), except for the Motion to Extend Time (ECF No. 43), which the Court **GRANTS IN PART.**

**I.       MOTIONS TO SHOW CAUSE, TO COMPEL, AND FOR A HEARING (ECF NOS. 28, 42, AND 51)**

Plaintiff's arguments are difficult to follow, but she appears to argue in her Motion to Show Cause that the attorneys representing the defendant do not have authority to act for defendant and have failed to produce discovery and should be sanctioned. *ECF No. 28. Id*. at 2. The Court liberally construes plaintiff's Motion to Show Cause as a primarily a Motion to Compel. The parties also both later filed separate Motions to Compel, which are all discovery related motions that the parties filed in violation of this Court's Standing Order. *ECF No. 8*. Plaintiff asks for a hearing on her discovery motions in her Motion for a Hearing. *ECF No. 31*.

The Standing Order provides in part that:

1.　　　If a discovery dispute arises the parties must first meet and confer to try to resolve their dispute in compliance with LR IA 1-3(f). Lead counsel for each party shall meet and confer in person, videoconference, or telephone. A mere exchange of letters or e-mails does not satisfy the meet and confer requirement.

2.　　　If the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each one of the following items:

i. A brief, joint summary of the discovery dispute not to exceed one (1) page;

ii. A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests.  This may be done in single-spaced, 10-font. A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention.  This joint meet-and-confer summary may not exceed two (2) pages.

iii. An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.

v. Each side must make a proposal of compromise or resolution of the disputed discovery (e.g., request, interrogatory, deposition question).  The proposal may not exceed two (2) pages per side.

See Standing Order at *ECF No. 8*. The Court finds that the parties did not comply with the Court's Standing Order

While the Court understands that plaintiff is proceeding pro so, even pro se litigants must comply

with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. *E.g. King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); see *also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). The Court denies the Motion to Show Cause and the Motions to Compel without prejudice. The parties are directed to meet and confer and, should any disputes remain, comply with the Standing Order regarding any remaining discovery disputes.

Since the Court denies these discovery motions, the Court also denies plaintiff's Motion for a Hearing, since her request asks the Court to set a hearing on her pending discovery motions. *ECF No. 31*. The Court will decide whether to set a hearing if the parties refile their discovery disputes as a stipulation pursuant to the Court's Standing Order.

## II.    PLAINTIFF'S MOTION TO STRIKE (ECF NO. 39)

Plaintiff argues that the Court should strike all filings from attorney Lauren Lacey that predate the Court's Order granting her permission to practice pro hac vice. *ECF No. 39, citing to the Court's Order at ECF No. 37*. The defendant files in its response that all pleadings, motions, responses and other documents filed in this case on behalf of Experian have been signed and filed by Inku Nam as counsel for Experian. *ECF No. 40 at 1*. The defendant also argues that Lacey has fully complied with all rules of this Court including Local Rules IA 11-2, IC 2-1(a) (Required Filers) and IC 2-1(d) (Registration). *Id. at 2*. The Court finds that there is no basis to strike Lacey's filings in this Court as Lacey has complied with this Court's rules, so denies plaintiff's Motion to Strike.

## III.    DEFENDANT'S MOTION TO EXTEND TIME (ECF NO. 43)

Defendant asked for a short extension of time to conduct discovery. *ECF No. 43*. Plaintiff

opposes the request because she says that the defendant did not properly meet-and-confer. *ECF No. 45*. The defendant states in its reply that plaintiff refused to meet-and-confer. *ECF No. 46*. Rule 1 of the Federal Rules of Civil Procedure provides that the rules "should be construed, administered, and employed by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (emphasis added).

Per LR IA 1-3(f):

> Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

See LR IA 1-3(f).

The parties are both admonished that they must meet-and-confer to attempt to resolve their disputes before bringing their disputes to this Court. The parties have a duty under the rules to work together to secure the just, speedy, and inexpensive determination of this case. Discovery is now closed, as the defendants filed their Motion for an Extension of Time on the last day of discovery. Given that the Court has denied the parties' discovery motions without prejudice, the Court will grant the request for an extension of time in part, but the Court will set the new deadlines which will give the parties a short extension of time. Since the deadlines for initial disclosures, amended pleadings, initial experts, and rebuttal experts closed prior to the extension request, the Court will only set new deadlines for discovery, dispositive motions, and the pretrial order.

//

//

**IT IS ORDERED** that:

1. Pro se plaintiff LeAndria Lashawn Holliday's *Motion for Order to Show Cause* (ECF No. 28) and *Motion to Compel* (ECF No. 51) are **DENIED** without prejudice with leave to refile, if necessary and after sincere to meet and confer, pursuant to this Court's Order and this Court's Standing Order (ECF No. 8).

2. Defendant's Motion to Compel (ECF No. 42) is also **DENIED** without prejudice with leave to refile, if necessary and after efforts to meet and confer, pursuant to this Court's Order and this Court's Standing Order (ECF No. 8).

3. Plaintiff's Motion for a Hearing (ECF No. 31) and Motion to Strike (ECF No. 39) are both **DENIED**.

4. Defendant's *Motion to Extend Time* (ECF No. 43) is **GRANTED IN PART**. The following deadlines now apply:

   a. Discovery Cutoff Date:  **February 19, 2026**

   b. Dispositive Motions:  **March 23, 2026**

   c. Pretrial Order:  **April 22, 2026**

IT IS SO ORDERED.

Dated January 20, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.