INKU NAM (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101
Telephone: 725.286.2801

*Attorneys for Defendant*
*EXPERIAN INFORMATION SOLUTIONS, INC.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LE ANDRIA LASHAWN HOLLIDAY<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No. 2:25-cv-00235<br><br>**AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Le Andria Lashawn Holliday ("Plaintiff"), who appears in pro se, and Defendant Experian Information Solutions, Inc. ("Experian") through its attorneys of record, as follows: Pursuant to Federal Rule of Civil Procedure 26(c), it appearing to the Court that the Plaintiff LE ANDRIA LASHAWN HOLLIDAY (hereinafter "Plaintiff"), and Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (collectively hereinafter "EXPERIAN") are in agreement that EXPERIAN possesses proprietary policies, procedures, business records, employment records, personnel files, training materials, and other documents which include confidential and proprietary information that may be subject to discovery in these proceedings, but which should not be made available to the public. Accordingly, the parties agree that this Court order the following:

1. EXPERIAN may designate and mark "Confidential" any document produced in these

proceedings by it or any expert or other witness on its behalf that EXPERIAN believes contains confidential or proprietary information, trade secrets, client information or other sensitive documents related to its business or the operation of that business. EXPERIAN shall be referred to hereafter as the "Designating Party" and Plaintiff hereafter as the "Receiving Party".

2. The information deemed "Confidential" shall include, without limitation: any information that constitutes, reflects, or discloses trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information (regarding business plans or strategies, technical data, and nonpublic designations), the disclosure of which the producing party believes in good faith might reasonably result in economic, competitive, or business injury to the producing party (or its affiliates, personnel, or clients), and which is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices. Confidential information shall also include sensitive personal information about individuals that is not otherwise publicly available, such as home addresses; social security numbers; dates of birth; home telephone records/numbers; and personal financial information. The parties reserve the right to meet and confer regarding any document designated "Confidential" and additional categories that may be deemed confidential as EXPERIAN may deem appropriate during the pendency of this litigation.

3. All documents produced, or information disclosed and any other documents or records designated as "Confidential" shall be revealed only to the parties; witnesses who are noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify or in the course of examination; counsel of record in this case and all attorneys, staff, paralegals, secretarial employees, and law clerks under counsel's direct supervision; the non-technical and clerical staff employed by counsel of record; copying services employed by counsel of record's employer to the extent reasonably necessary to render professional services in this case; any private court reporter retained by counsel for depositions in this case; personnel of the Court, including court reporters, officials and employees of the Clerk of the Court, and staff of the presiding District Court Judge, to the extent deemed necessary by the Court; any mediator assigned

to this matter; and such persons as are employed by counsel to act as experts in these actions.

4. The Receiving Party may object to a "Confidential" designation on the ground that such information does not constitute confidential information by serving written notice upon counsel for the producing party at any time, specifying the item(s) in question and the grounds for the objection. If the Receiving Party objects to the designation of any materials as confidential, the Designating Party shall arrange for a meet and confer conference to be held within fourteen (14) calendar days of service of a written objection to the designation to attempt to informally resolve the dispute. If the parties cannot resolve the matter, the Designating Party may file a motion with the Court to resolve the dispute. Such motions must be filed within fourteen (14) calendar days of the meet and confer conference and may include the material at issue in camera for the Court's review. The Designating Party has the burden of establishing that the contested information is entitled to protection. Any contested information shall continue to be treated as "Confidential" and subject to this Protective Order until such time as a timely-filed motion has been ruled upon. Any failure by the Designating Party to file such a motion in a timely manner shall constitute a concession that the contested information is not entitled to protection.

5. Receiving Party shall use all documents and information produced or disclosed by the Designating Party solely for the purposes of preparation for and trial of this action. Under no circumstances (except as set forth in Section 4 herein) shall information or materials covered by this Protective Order be disclosed to anyone other than the individuals set forth in Section 3 herein. At the conclusion of the proceedings in these actions, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be destroyed or returned to counsel for the Designating Party.

6. Prior to disclosure of any documents designated as "Confidential" to staff, paralegals, secretarial employees, and law clerks of counsel or the Receiving Party, counsel for Receiving Party shall require such employees to read this Protective Order and agree to be bound by its terms.

7. If the Receiving Party determines that for purposes of this action, documents or information produced by the Designating Party and designated as "Confidential" must be revealed

to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) the Receiving Party shall have the expert read this Order and shall explain the contents thereof to such expert.

(b) the Receiving Party shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of the parties to conduct discovery of any experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

8. Any party may move the Court pursuant to the Federal rules for sealing and redacting court records for a order, if necessary, that the evidence be received sealed and the Court will then determine whether the proffered evidence should be treated as confidential information and, if so, what protection, if any, may be afforded to such information at trial, in light of the substantial public interest in public trials.

To grant a motion to seal pursuant to LR IA 10-5, the parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Harper v. Nevada Property 1, LLC*, 552 F.Supp.3d 1033, 1040 (D. Nev. 2021) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* (quotes omitted). "To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." *Id.* at 1041.

/ / /

/ / /

9. This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

Dated: February 23, 2026                    Respectfully submitted,

                                            /s/ Inku Nam
                                            INKU NAM (Nevada Bar No. 12050)
                                            O'HAGAN MEYER PLLC
                                            300 S. 4th Street, Suite 1250
                                            Las Vegas, Nevada 89101
                                            Tel. 725.286.2801
                                            *Attorney for Experian Information Solutions, Inc.*


                                            /s/ LeAndria Holliday
                                            LeAndria LaShawn Holliday P.O. Box 778146
                                            Henderson NV 89077
                                            *Pro Se Plaintiff*


                                            **IT IS SO ORDERED:** A request to seal
                                            documents attached to non-dispositive motions
                                            must be supported by reasons establishing good
                                            cause to seal. *Kamakana v. City & Cnty. of
                                            Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).




                                            _____
                                            Hon. Maximiliano D. Couvillier III
                                            United States Magistrate Judge
                                            DATED: 2-23-26

5